UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MCDANIEL, III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-5842 |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| CHICAGO POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In his amended complaint, plaintiff William McDaniel alleges First Amendment violations, unlawful arrest and seizure, and *Monell* policy violations under 42 U.S.C. § 1983. Before the Court is defendants' motion to sever the claims and defendants brought pursuant to Federal Rules of Civil Procedure Rules 20(a) and 21. For the following reasons, the Court denies defendants' motion.

**Background**

On the evening of December 10, 2019, plaintiff filmed the exterior of several police vehicles parked alongside the public sidewalk outside of the District 7 police department in Chicago. He also used a flashlight to see the interior of the vehicles. Plaintiff claims his purpose was to ensure the vehicles were compliant with the law requiring license plates in the front and back to match. 625 Ill. Comp. Stat. Ann. 5/3-413 (a). He continued this process down the line of police cruisers parked along the sidewalk until he was approached by defendant Officer Estrada.

Defendant Officer Estrada asked plaintiff if he was an employee of the City, and plaintiff answered he was not. Plaintiff requested defendant Officer Estrada's name and badge number. In response, defendant Officer Estrada radioed that an individual was looking at parked police vehicles. Subsequently, eleven police officers surrounded plaintiff. Defendant Officer Madison informed plaintiff he could record the vehicles, but he could not come close to the vehicles. Several officers

dispersed after speaking with plaintiff; however, a few remained, including defendant Officer Estrada and defendant Officer Madison. Plaintiff alleges defendant Officer Madison ordered the remaining officers to handcuff him if he took an "extra step." The officers eventually dispersed, and plaintiff was not cuffed.

On February 9, 2020, plaintiff live-streamed a video on the public sidewalk outside of the Chicago Police Training Academy. Plaintiff claims he witnessed an officer drive without using his headlights or turn signal. Defendant Officer Soto and defendant Officer Rodriguez approached plaintiff and requested identification. Plaintiff alleges defendant Officer Rodriguez grabbed him by his arm and ordered him to put the camera down. Plaintiff was cuffed and alleges defendant Officer Soto threatened him with jail while the contents of plaintiff's pockets were emptied by defendant Officer Rodriguez. At some point after, plaintiff requested a supervisor, and defendant Sergeant Lule arrived.

After arriving, defendant Sergeant Lule authorized the arrest of plaintiff for possessing a police scanner in violation of municipal codes regarding the use of police scanners. Plaintiff claims he had not used the scanner to transmit or broadcast. Plaintiff was transported to the District 12 police station and detained in a holding cell for approximately 2.5 hours before being released. Plaintiff was not charged, and his belongings were returned to him.

**Legal Standard**

Rule 20 of the Federal Rules of Civil Procedure permits permissive joinder of multiple defendants in a single action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir.

2

2018). Rule 20 is broad, and thus grants the district court considerable flexibility and discretion in its application of the rule. *UWM Student*, 888 F.3d at 863.

To determine whether the same transaction or occurrence requirement of Rule 20 is satisfied, courts use a case-by-case approach. *Birdo v. Dave Gomez*, 214 F.Supp.3d 709, 722 (N.D. Ill. 2016) (Blakey, J.). Although the federal rules do not define transaction or occurrence, courts in this district have adopted a "logical relationship" test. *See, e.g., ReceiverShip Mgmt., Inc. v. A.J. Corso & Assocs., Inc.*, No. 19-CV-01385, 2021 WL 1222897 at *11 (N.D. Ill. Mar. 31, 2021) (Kness, J.); *Perez v. City of Aurora*, No. 20-CV-7759, 2021 WL 5140495, at *3 (N.D. Ill. Nov. 4, 2021) (Chang, J.). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *ReceiverShip Mgmt.*, 2021 WL 1222897 at *11 (citation omitted). "[T]he flexibility of this standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Charles Alan Wright & Arthur R. Miller. *Federal Practice & Procedure* § 1653 (3d ed. 2001).

"[M]isjoinder of parties is not a ground for dismissing an action," but allows the court to add or drop a party or sever claims against a party. Fed. R. Civ. P. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

**Discussion**

*Same Transaction or Occurrence*

Defendants first argue the December 10, 2019 and February 9, 2020 incidents do not arise out of the same transaction or occurrence or series of transactions or occurrences, and thus, permissive joinder of the claims would be improper. The Court disagrees. Courts in this district have adopted a "logical relationship" test which states the "test is satisfied if there is substantial

3

evidentiary overlap in the facts giving rise to the cause of action of against each defendant." *ReceiverShip Mgmt.,* 2021 WL 1222897 at *11 (citation omitted); *Perez,* 2021 WL 5140495, at *3. The actions of multiple defendants are not required to be in concert for claims to arise out of the same transaction or occurrence so long as a logical relationship exists between the claims. *ReceiverShip Mgmt.,* 2021 WL 1222897 at *12. To determine whether the logical relationship test is satisfied, courts in this district consider when the alleged conduct occurred, whether the same parties were involved, similarities of the alleged conduct, and whether the conduct implicated a system of decision-making or widely held policy. *Martinez v. Haleas,* No. 07 C 6112, 2010 WL 1337555 at *3 (N.D. Ill. Mar. 30, 2010) (Gettleman, J.); *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) (Gottschal, J.).

In both the December and February incidents, plaintiff remained on a public walkway, outside of a police facility, and was filming police vehicles. In both instances, plaintiff was approached by multiple officers and threatened with arrest. Different sets of police officers were involved in the December and February encounters with plaintiff, but every officer involved, including the defendant officers, were employees of Chicago Police Department. In his amended complaint, plaintiff alleges the defendant officers' conduct implicates a system of decision making or widely held policy to "chill" a citizen's First Amendment rights and deter citizens from filming police conduct and property.

In defendants' motion to sever and reply in support of the motion, defendants rely heavily on *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952 (N.D. Ill. Aug. 30, 2010) (Aspen, J.) to support their position. Defendants assert the decision in *Lozada* to sever similar claims rejects the notion that similarities of alleged conduct or a *Monell* claim could arise out of the same occurrence or transaction if the underlying conduct occurred at different times or locations. However, the defendants failed to mention the *Lozada* court's acknowledgement that courts in this district have

4

ruled on both sides of the issue. *See Lozada*, 2010 WL 3487952 at *3; *Dean v. City of Chicago*, No. 09 C 1190, 2009 WL 2848865 at *2 (N.D. Ill. Aug. 31, 2009) (Kennelly, J.) (for Rule 20 purposes, the court held the plaintiffs' claims were part of the same series of transaction or occurrences despite plaintiffs' claims arising from interactions occurring at different times, with different individuals, and at different locations). Moreover, the approach used by the court in *Lozada* to sever claims occurring at different times or locations was discretionary and specific to the facts of that case. *Lozada*, 2010 WL 3487952 at *3.

The *Dean* decision is more persuasive. In *Dean*, the conduct and circumstances inducing the claims occurred at different times and locations, but the claims shared similarities and raised a question as to whether the conduct implicated a common set of policies or practices adopted by the City of Chicago. *Dean*, 2009 WL 2848865 at *2. Analogously, both events in question here share similar facts. Plaintiff was on a public walkway filming police vehicles outside of a police station, was approached by police officers employed by the Chicago Police Department and was threatened with arrest by police officers during the interactions. Further, plaintiff argues the alleged conduct implicates a common set of policies by the department to intimidate citizens who film police activity, conduct, or property.

In both sets of facts alleged in the amended complaint, plaintiff's actions and the conduct of defendants are similar, and all defendant police officers share status as employees of the Chicago Police Department. Additionally, plaintiff alleges defendants' conduct implicates a widely held policy adopted by the Chicago Police Department. For these reasons, plaintiff's claims share a logical relationship and arise out of the same series of transactions and occurrences. The first requirement of Rule 20(a) is met.

*Common Question of Law or Fact*

Next, defendants argue the sets of facts involving the December and February defendants do not meet the second requirement of Rule 20(a), which requires "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *UWM Student*, 888 F.3d at 863. Defendants primarily rely on *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542 (N.D. Ill. 1998) (Rosemond, J.) to support their position, but the facts and allegations leading to the decision in *Randleel* are different from the current case. In *Randleel,* although the court concluded the plaintiffs' claims should be severed, the court specifically noted that plaintiffs never alleged defendants' conduct amounted to a common policy or practice of defendant which would link the claims together. *Id.* at 544. Unlike *Randleel*, in addition to both claims involving First Amendment violations, plaintiff also alleges the conduct of the defendant implicates a common policy and practice adopted by Chicago Police Department. Additionally, the claims severed in *Randleel* arose out of incidents that occurred over 300 miles apart in two separate states. *Id.* at 544. Here, the police officers involved in both claims work for the same employer in the same city.

The plaintiff brings claims against both sets of defendant officers under the same laws alleging similar conduct and the adoption of that conduct as common policy or practice of the defendant. As discussed previously, the plaintiff's actions and defendants' conduct in the December and February interactions share similar facts. The only significant distinction is the February incident resulted in plaintiff's arrest. For these reasons, plaintiff's claims against the two sets of defendant police officers share common questions of law and fact.

*Judicial Economy and Principles of Fundamental Fairness*

The final argument defendants offer in support of severance is that severing claims and defendants would promote judicial economy and safeguard defendants from potential prejudice if a jury were to hear both claims in a single trial. At this juncture, severing the claims despite being

properly joined under Rule 20(a) would be inefficient and impede judicial economy of the courts. *See Dietz v. Bouldin,* 579 U.S. 40, 47, 136 S.Ct. 1885, 1892, 195 L.Ed.2d 161 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Regarding the concerns of prejudice and fairness raised by the defendants, the Court finds any concerns about prejudice at this stage in the litigation are merely speculative. If defendants believe prejudice exists after discovery, defendants may file a motion for separate trials pursuant to Rule 42(b). The Court, however, rejects severing the claims and defendants on grounds of judicial economy or prejudice at this time.

**Conclusion**

For these reasons, the Court denies defendants' motion to sever the claims and defendants in plaintiff's amended complaint [42].

**IT IS SO ORDERED.**

Date: 6/28/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge